UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

KADEEM MCNEILL,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, and POLICE OFFICER
ARIANA ESTEBAN, POLICE OFFICER ALEX
MARTINS, SERGEANT DAMON FAZIO, SERGEANT
GEORGE SCHWILLE individually and in their official
capacity,

                                        Defendants.

-------------------------------------------------------------------X

**SECOND AMENDED
COMPLAINT**

**INDEX#  13CV2329**

**Date Purchased:**

        Plaintiff KADEEM MCNEILL, by his attorney, DALE I. FREDERICK, complaining of

the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

        1.        Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States.

## JURISDICTION

        2.        This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

First, Fourth, Fifth, and Eighth Amendments to the United States Constitution.

        3.        Jurisdiction is founded upon 28 U.S.C. § 1331 and 1343.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff KADEEM MCNEILLL is an African-American male, a citizen of the

United States, and at all relevant times a resident of the City and State of New York.

7.      Defendant THE CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant THE CITY OF NEW YORK maintains the New York City Police

Department, a duly authorized public authority and/or police department, authorized to perform

all functions of a police department as per the applicable sections of the New York State

Criminal Procedure Law, acting under the direction and supervision of the aforementioned

municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the non-party POLICE OFFICER

EDWARD JOHNSON, (HEREINAFTER " PO JOHNSON") SHEILD NO. 14122, was a duly

sworn police officer of said department and was acting under the supervision of said department

and according to his official duties.

10.     That at all times hereinafter mentioned, the non-party POLICE OFFICER

JESSINAN GORDILLO, (HEREINAFTER " PO GORDILLO") SHIELD, NO. 13414 was a

duly sworn police officer of said department and was acting under the supervision of said department and according to her official duties.

      11.     That at all times hereinafter mentioned, the individually named Defendant POLICE OFFICER ARIANA ESTEBAN, (HEREINAFTER " PO ESTEBAN") SHIELD, NO. 02665 was a duly sworn police officer of said department and was acting under the supervision of said department and according to her official duties.

      12.     That at all times hereinafter mentioned, the individually named Defendant POLICE OFFICER ALEX MARTINS, (HEREINAFTER " PO MARTINS") SHIELD, NO. 1657 was a duly sworn police officer of said department and was acting under the supervision of said department and according to her official duties.

      13.     That at all times hereinafter mentioned, the individually named Defendant SERGEANT DAMON FAZIO, (HEREINAFTER " SGT FAZIO") was a duly sworn police officer of said department and was acting under the supervision of said department and according to her official duties.

      14.     That at all times hereinafter mentioned, the individually named Defendant SERGEANT GEORGE SCHWILLE, (HEREINAFTER " SGT SCHWILLE") was a duly sworn police officer of said department and was acting under the supervision of said department and according to her official duties.

      15.     That at all times hereinafter mentioned, the non-party PO JOHNSON either personally or through his employees, was acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

16.     Each and all of the acts of the non-party PO JOHNSON alleged herein were done by said Officer while acting within the scope of his employment by Defendant THE CITY OF NEW YORK.

17.     Each and all of the acts of the non-party PO JOHNSON alleged herein were done by said Officer while acting in furtherance of his employment by Defendant THE CITY OF NEW YORK.

18.     That at all times hereinafter mentioned, the non-party PO GORDILLO either personally or through her employees, was acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

19.     Each and all of the acts of the non-party PO GORDILLO alleged herein were done by said Officer while acting within the scope of her employment by Defendant THE CITY OF NEW YORK.

20.     Each and all of the acts of the non-party PO GORDILLO alleged herein were done by said Officer while acting in furtherance of her employment by Defendant THE CITY OF NEW YORK.

21.     That at all times hereinafter mentioned, the Defendant PO ESTEBAN either personally or through her employees, was acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

22.     Each and all of the acts of the Defendant PO ESTEBAN alleged herein were done by said Defendant while acting within the scope of her employment by Defendant THE CITY OF NEW YORK.

23.     Each and all of the acts of the Defendant PO ESTEBAN alleged herein were done by said Defendant while acting in furtherance of her employment by Defendant THE CITY OF NEW YORK.

24.     That at all times hereinafter mentioned, the Defendant PO MARTINS either personally or through her employees, was acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

25.     Each and all of the acts of the Defendant PO MARTINS alleged herein were done by said Defendant while acting within the scope of her employment by Defendant THE CITY OF NEW YORK.

26.     Each and all of the acts of the Defendant PO MARTINS alleged herein were done by said Defendant while acting in furtherance of her employment by Defendant THE CITY OF NEW YORK.

27.     That at all times hereinafter mentioned, the Defendant SGT FAZIO either personally or through her employees, was acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

28.     Each and all of the acts of the Defendant SGT FAZIO alleged herein were done by said Defendant while acting within the scope of her employment by Defendant THE CITY OF NEW YORK.

29.     Each and all of the acts of the Defendant SGT FAZIO alleged herein were done by said Defendant while acting in furtherance of her employment by Defendant THE CITY OF NEW YORK.

30.     That at all times hereinafter mentioned, the Defendant SGT SCHWILLE either personally or through her employees, was acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

31.     Each and all of the acts of the Defendant SGT SCHWILLE alleged herein were done by said Defendant while acting within the scope of her employment by Defendant THE CITY OF NEW YORK.

32.     Each and all of the acts of the Defendant SGT SCHWILLE alleged herein were done by said Defendant while acting in furtherance of her employment by Defendant THE CITY OF NEW YORK.

## **INCIDENT FACTS**

33.     As a result of the execution of a search warrant on March 9, 2012, marihuana was recovered from 81-04 Rockaway Beach Blvd, Apt 4E, and multiple people present in the location were arrested and charged with actual possession.

34.     On March 9, 2012, plaintiff was not present at 81-04 Rockaway Beach Blvd, Apt 4E, County of Queens and neither actually, constructively, presumptively nor acting in concert possessed any marihuana recovered by the police at said premises.

35.     None of the individuals arrested and charged on March 9, 2012 where alleged to be acting in concert with plaintiff

36.     On March 14, 2012, at approximately 3:00 pm in the vicinity of the 100th Precinct located at 92-24 Rockaway Beach Blvd., Queens, NY, 11693, County of Queens, State of New York, Plaintiff was arrested unlawfully by the non-party , PO JOHNSON and PO GORDILLO.

37.     Plaintiff did not have visible weapons or proceeds of a crime at the time of his arrest. Defendants did not have any credible or reliable information that a crime had actually taken place that involved the Plaintiff as a participant. Regardless, the Plaintiff was immediately placed in custody without a lawful basis.

38.     Plaintiff, KADEEM MCNEILL, was arrested and charged with Possession of Marijuana in violation of Article 221 of the Penal Law for items alleged to be recovered from the March 9, 2012, search warrant execution.

39.     Plaintiff KADEEM MCNEILL committed no crime on March 14, 2012 at the time of his arrest.

40.     Plaintiff KADEEM MCNEILL committed no such crime on March 9, 2012 in violation of Article 221 of the Penal Law or any other law.

41.     Defendant PO ESTEBAN caused the arrest and initiation of criminal proceedings against Plaintiff KADEEM MCNEILL despite Defendant's knowledge that she lacked probable cause to do so.

42.     The non-party PO JOHNSON arrested the Plaintiff KADEEM MCNEILL as a result of the actions of PO ESTEBAN.

43.     The non-party PO GORDILLO arrested Plaintiff KADEEM MCNEILL as a result of the actions of PO ESTEBAN.

44.     Defendant PO MARTINS caused the arrest and initiation of criminal proceedings against Plaintiff KADEEM MCNEILL despite Defendant's knowledge that he lacked probable cause to do so.

45.     The non-party PO JOHNSON arrested the Plaintiff KADEEM MCNEILL as a result of the actions of PO MARTINS.

46.     The non-party PO GORDILLO arrested Plaintiff KADEEM MCNEILL as a result of the actions of PO MARTINS.

47.     Defendant SGT FAZIO caused the arrest and initiation of criminal proceedings against Plaintiff KADEEM MCNEILL despite Defendant's knowledge that he lacked probable cause to do so.

48.     The non-party PO JOHNSON arrested the Plaintiff KADEEM MCNEILL as a result of the actions of SGT FAZIO.

49.     The non-party PO GORDILLO arrested Plaintiff KADEEM MCNEILL as a result of the actions of SGT FAZIO.

50.     Defendant SGT SCHWILLE caused the arrest and initiation of criminal proceedings against Plaintiff KADEEM MCNEILL despite Defendant's knowledge that he lacked probable cause to do so.

51.     The non-party PO JOHNSON arrested the Plaintiff KADEEM MCNEILL as a result of the actions of SGT SCHWILLE.

52.     The non-party PO GORDILLO arrested Plaintiff KADEEM MCNEILL as a result of the actions of SGT SCHWILLE.

53.     During the period between March 14, 2012 and March 15, 2012, Plaintiff KADEEM MCNEILL was arrested, handcuffed, fingerprinted and incarcerated for a period of more than 24 hours.

54.     On March 15, 2012, Plaintiff's case was dismissed by the District Attorney's Office prior to Criminal Court arraignment.

55.     As a result of the foregoing, Plaintiff KADEEM MCNEILL sustained, *inter alia*, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

## MONELL FACTS

56.     Upon information and belief, at all times hereinafter mentioned, The non-party PO JOHNSON was assigned to the 100th Precinct.

57.     Upon information and belief, at all times hereinafter mentioned, The non-party PO GORDILLO was assigned to the 100th Precinct.

58.     Upon information and belief, at all times hereinafter mentioned, Defendant PO ESTEBAN was assigned to the 100th Precinct.

59.     Upon information and belief, at all times hereinafter mentioned, Defendant PO MARTINS was assigned to the 100th Precinct.

60.     Upon information and belief, at all times hereinafter mentioned, Defendant SGT FAZIO was assigned to the 100th Precinct.

61.     Upon information and belief, at all times hereinafter mentioned, Defendant SGT SCHWILLE was assigned to the 100th Precinct.

62.     Both before and after the arrest of Plaintiff KADEEM MCNEILL, a custom and practice of lawlessness and corruption pervaded the New York Police Department.

63.     As a direct result of this custom and practice, the non-party PO JOHNSON felt free to arrest or cause the arrest of Plaintiff without probable cause and to manufacture evidence against him.

64.     As a direct result of this custom and practice, the non-party PO GORDILLO felt free to arrest or cause the arrest of Plaintiff without probable cause and to manufacture evidence against him.

65.     As a direct result of this custom and practice, Defendant, PO ESTEBAN felt free to arrest or cause the arrest of Plaintiff without probable cause and to manufacture evidence against him.

66.     As a direct result of this custom and practice, Defendant, PO MARTINS felt free to arrest or cause the arrest of Plaintiff without probable cause and to manufacture evidence against him.

67.     As a direct result of this custom and practice, Defendant, SGT FAZIO felt free to arrest or cause the arrest of Plaintiff without probable cause and to manufacture evidence against him.

68.     As a direct result of this custom and practice, Defendant, SGT SCHWILLE felt free to arrest or cause the arrest of Plaintiff without probable cause and to manufacture evidence against him.

69.     This custom and practice was finally exposed in January of 2008, when four officers from the New York Police Department were arrested and charged with criminal offenses.

70.     Shortly thereafter, another officer was suspended and fifteen more were placed on desk duty in the Brooklyn South Narcotics.

71.     In the wake of this scandal, the citywide narcotics commander was relieved of his post, and the head of the Brooklyn South Narcotics and two captains were transferred.

72.     Upon information and belief, because of the custom and practice of corruption and lawlessness in the New York Police Department, more than 150 criminal prosecutions had to be dismissed by the District Attorney's Office.

## FIRST CLAIM FOR RELIEF: DEPRIVATION
## OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

73.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

74.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

75.     All of the aforementioned acts deprived Plaintiff KADEEM MCNEILL of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, and Eighth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

76.     The acts complained of were carried out by the aforementioned non-party PO JOHNSON in their capacity as a police officer, with all of the actual and/or apparent authority attendant thereto.

77.     The acts complained of were carried out by the aforementioned non-party PO JOHNSON in his capacity as a police officer, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

78.     The non-party PO JOHNSON while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

79.     The acts complained of were carried out by the aforementioned non-party PO GORDILLO in her capacity as a police officer, with all of the actual and/or apparent authority attendant thereto.

80.     The acts complained of were carried out by the aforementioned non-party PO GORDILLO in her capacity as a police officer, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

81.     The non-party PO GORDILLO while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

82.     The acts complained of were carried out by the aforementioned individual Defendant PO ESTEBAN in her capacity as a police officer, with all of the actual and/or apparent authority attendant thereto.

83.     The acts complained of were carried out by the aforementioned individual Defendant, PO ESTEBAN in their capacity as a police officer, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

84.     Defendant, PO ESTEBAN while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

85.     The acts complained of were carried out by the aforementioned individual Defendant PO MARTINS in his capacity as a police officer, with all of the actual and/or apparent authority attendant thereto.

86.     The acts complained of were carried out by the aforementioned individual Defendant, PO MARTINS in their capacity as a police officer, pursuant to the customs, usages,

practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

87.     Defendant, PO MARTINS while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

88.     The acts complained of were carried out by the aforementioned individual Defendant SGT FAZIO in his capacity as a police officer, with all of the actual and/or apparent authority attendant thereto.

89.     The acts complained of were carried out by the aforementioned individual Defendant, SGT FAZIO in his capacity as a police officer, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

90.     Defendant, SGT FAZIO while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

91.     The acts complained of were carried out by the aforementioned individual Defendant SGT SCHWILE in his capacity as a police officer, with all of the actual and/or apparent authority attendant thereto.

92.     The acts complained of were carried out by the aforementioned individual Defendant, SGT SCHWILLE in his capacity as a police officer, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

93.     Defendant, SCHWILLE while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF:
## FALSE ARREST UNDER 42 U.S.C. § 1983

94. Plaintiff repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

95. As a result of the aforesaid conduct by Defendant PO ESTEBAN, Plaintiff KADEEM MCNEILL was subjected to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

96. As a result of the aforesaid conduct by Defendant PO MARTINS, Plaintiff KADEEM MCNEILL was subjected to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

97. As a result of the aforesaid conduct by Defendant SGT FAZIO, Plaintiff KADEEM MCNEILL was subjected to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

98. As a result of the aforesaid conduct by Defendant SGT SCHWILLE, Plaintiff KADEEM MCNEILL was subjected to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

99. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

### THIRD CLAIM FOR RELIEF:
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

100.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

101.    Defendant PO ESTEBAN issued legal process to place Plaintiff KADEEM MCNEILL under arrest.

102.    Defendant PO ESTEBAN arrested or caused the arrest of Plaintiff KADEEM MCNEILL in order to obtain a collateral objective outside the legitimate ends of the legal process.

103.    Defendant PO ESTEBAN acted with intent to do harm to plaintiff KADEEM MCNEILL without excuse or justification.

104.    Defendant PO MARTINS issued legal process to place Plaintiff KADEEM MCNEILL under arrest.

105.    Defendant PO MARTINS arrested or caused the arrest of Plaintiff KADEEM MCNEILL in order to obtain a collateral objective outside the legitimate ends of the legal process.

106.    Defendants PO MARTINS acted with intent to do harm to plaintiff KADEEM MCNEILL without excuse or justification.

107.    Defendant SGT FAZIO issued legal process to place Plaintiff KADEEM MCNEILL under arrest.

108.     Defendant SGT FAZIO arrested or caused the arrest of Plaintiff KADEEM

MCNEILL in order to obtain a collateral objective outside the legitimate ends of the legal

process.

109.     Defendant SGT FAZIO acted with intent to do harm to plaintiff KADEEM

MCNEILL without excuse or justification.

110.     Defendant SGT SCHWILLE issued legal process to place Plaintiff KADEEM

MCNEILL under arrest.

111.     Defendant SGT SCHWILLE arrested or caused the arrest of Plaintiff KADEEM

MCNEILL in order to obtain a collateral objective outside the legitimate ends of the legal

process.

112.     Defendant SGT SCHWILLE acted with intent to do harm to plaintiff KADEEM

MCNEILL without excuse or justification.


**FIFTH CLAIM FOR RELIEF:**
**MUNICIPAL LIABILITY**

113.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

the aforestated paragraphs with the same force and effect as if fully set forth herein.

114.     Defendant PO ESTEBAN caused the arrest and incarceration of Plaintiff

KADEEM MCNEILL in the absence of any evidence of criminal wrongdoing,

notwithstanding her knowledge that said arrest and incarceration would jeopardize

Plaintiff's liberty, well-being, safety and constitutional rights.

115.     The aforementioned individual Defendant PO ESTEBAN, in her capacity as a

police officer and official, carried out the acts complained of, with all the actual and/or

apparent authority attendant thereto.

116.     The acts complained of were carried out by the aforementioned individual

Defendant PO ESTEBAN in her capacity as a police officer and official pursuant to the

customs, policies, usages, practices, procedures, and rules of the City of New York, the

New York City Police Department, and the 100th Precinct all under the supervision of

ranking officers of said department and division.

117.     Defendant PO MARTINS caused the arrest and incarceration of Plaintiff

KADEEM MCNEILL in the absence of any evidence of criminal wrongdoing,

notwithstanding his knowledge that said arrest and incarceration would jeopardize

Plaintiff's liberty, well-being, safety and constitutional rights.

118.     The aforementioned individual Defendant PO MARTINS, in his capacity as a

police officer and official, carried out the acts complained of, with all the actual and/or

apparent authority attendant thereto.

119.     The acts complained of were carried out by the aforementioned individual

Defendant PO MARTINS in his capacity as a police officer and official pursuant to the

customs, policies, usages, practices, procedures, and rules of the City of New York, the

New York City Police Department, and the 100th Precinct all under the supervision of

ranking officers of said department and division.

120.     Defendant SGT FAZIO caused the arrest and incarceration of Plaintiff KADEEM

MCNEILL in the absence of any evidence of criminal wrongdoing, notwithstanding his

knowledge that said arrest and incarceration would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

121.     The aforementioned individual Defendant SGT FAZIO, in his capacity as a police officer and official, carried out the acts complained of, with all the actual and/or apparent authority attendant thereto.

122.     The acts complained of were carried out by the aforementioned individual Defendant SGT FAZIO in his capacity as a police officer and official pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York, the New York City Police Department, and the 100th Precinct all under the supervision of ranking officers of said department and division.

123.     Defendant SGT SCHWILLE caused the arrest and incarceration of Plaintiff KADEEM MCNEILL in the absence of any evidence of criminal wrongdoing, notwithstanding his knowledge that said arrest and incarceration would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

124.     The aforementioned individual Defendant SGT SCHWILLE, in his capacity as a police officer and official, carried out the acts complained of, with all the actual and/or apparent authority attendant thereto.

125.     The acts complained of were carried out by the aforementioned individual Defendant SGT SCHWILLE  in his capacity as a police officer and official pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York, the New York City Police Department, and the 100th Precinct all under the supervision of ranking officers of said department and division.

126.     The aforementioned customs, policies, usages, practices, procedures and rules of

the City of New York, the New York City Police Department, the 100th Precinct, include,

but are not limited to, the unconstitutional practice of manufacturing evidence against

individuals allegedly involved in criminal activity.

127.     The existence of the aforesaid unconstitutional customs and policies may be

inferred from repeated occurrences of similar wrongful conduct, as documented in the

following civil rights actions filed against the City of New York:

    a. **Corey Avent v. City of New York**, United States District Court, Eastern District
of New York, 04 CV 2451;

    b. **Reginald McMillan v. City of New York**, United States District Court, Eastern
District of New York, 04 CV 3990;

    c. **Michael A. Smith v. City of New York**, United States District Court, Eastern
District of New York, 04 CV 1045;

    d. **Benyamin Taylor v. City of New York**, United States District Court, Eastern
District of New York, 01 CV 5750;

    e. **Theodore Herbst v. City of New York**, United States District Court, Eastern
District of New York, 02 CV 3651;

    f. **Dwayne Cooper v. City of New York**, United States District Court, Eastern
District of New York, 06 CV 2139;

    g. **Mike Rivera v. City of New York**, United States District Court, Eastern District
of New York, 08 CV 4555;

    h. **Haile Dabreo v. City of New York**, United States District Court, Eastern District
of New York, 08 CV 4698; and

    i. **Moses Boyd v. City of New York**, United States District Court, Eastern District
of New York, 08 CV 4457.

128.     The foregoing customs, policies, usages, practices, procedures and rules of the

City of New York, the New York City Police Department, and the 100th Precinct

constituted a deliberate indifference to the safety, well-being and constitutional rights of

the Plaintiff KADEEM MCNEILL.

129.     The foregoing customs, policies, usages, practices, procedures and rules of the

City of New York, the New York City Police Department, and the 100th Precinct were the

direct and proximate cause of the constitutional violations suffered by Plaintiff
KADEEM MCNEILL as alleged herein.

130.     The foregoing customs, policies, usages, practices, procedures and rules of the
City of New York, the New York City Police Department, and the 100th Precinct was the
moving force behind the constitutional violations suffered by Plaintiff KADEEM
MCNEILL as alleged herein.

131.     As a result of the foregoing customs, policies, usages, practices, procedures and
rules of the City of New York, the New York City Police Department, and the 100th
Precinct Plaintiff KADEEM MCNEILL was falsely arrested and incarcerated.

132.     Defendants, collectively and individually, while acting under color of state law,
were directly and actively involved in violating the constitutional rights of Plaintiff
KADEEM MCNEILL.

133.     Defendants, collectively and individually, while acting under color of state law,
acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and
were directly responsible for the violation of Plaintiff's constitutional rights.

134.     All of the foregoing acts by Defendants deprived Plaintiff KADEEM MCNEILL
of federally protected rights, including, but not limited to, the right:

   A.  Not being deprived of liberty without due process of law;

   B.  To be free from seizure and arrest not based upon probable cause;

   C.  To be free from unlawful search;

   D.  To be free from malicious abuse of process;

   E.  Not to have cruel and unusual punishment imposed upon them; and

   F.  To receive equal protection under the law.

## SIXTH CAUSE OF ACTION:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

135.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

136.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

137.     The aforementioned conduct was committed by Defendant PO ESTEBAN while acting within the scope of her employment by Defendant The City of New York and pursuant to a conspiracy to deprive Plaintiff of his civil rights.

138.     The aforementioned conduct was committed by Defendant PO ESTEBAN while acting in furtherance of her employment by Defendant The City of New York and pursuant to a conspiracy to deprive Plaintiff of his civil rights.

139.     The aforementioned conduct was committed by Defendant PO MARTINS while acting within the scope of his employment by Defendant The City of New York and pursuant to a conspiracy to deprive Plaintiff of his civil rights.

140.     The aforementioned conduct was committed by Defendant PO MARTINS while acting in furtherance of his employment by Defendant The City of New York and pursuant to a conspiracy to deprive Plaintiff of his civil rights.

141.     The aforementioned conduct was committed by Defendant SGT FAZIO while acting within the scope of his employment by Defendant The City of New York and pursuant to a conspiracy to deprive Plaintiff of his civil rights.

142.     The aforementioned conduct was committed by Defendant SGT FAZIO while acting in furtherance of his employment by Defendant The City of New York and pursuant to a conspiracy to deprive Plaintiff of his civil rights.

143.     The aforementioned conduct was committed by Defendant SGT SCHWILLE while acting within the scope of his employment by Defendant The City of New York and pursuant to a conspiracy to deprive Plaintiff of his civil rights.

144.     The aforementioned conduct was committed by Defendant SGT SCHWILLE while acting in furtherance of his employment by Defendant The City of New York and pursuant to a conspiracy to deprive Plaintiff of his civil rights.

145.     The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to Plaintiff.

146.     As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

<u>SEVENTH CAUSE OF ACTION:</u>
<u>NEGLIGENT HIRING AND RETENTION</u>

147.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

148.     Upon information and belief, Defendant The City of New York failed to use reasonable care in the hiring and retention of the aforesaid Defendant PO ESTEBAN who caused, initiated conducted and/or participated in the arrest of Plaintiff.

149.     Defendant The City of New York knew, or should have known in the exercise of reasonable care, the propensities of the Defendant PO ESTEBAN to engage in the wrongful conduct heretofore alleged in this Complaint.

150.     Defendant The City of New York had actual notice that Defendant PO ESTEBAN had such propensities.

151.     Upon information and belief, Defendant The City of New York failed to use reasonable care in the hiring and retention of the aforesaid Defendant PO MARTINS who caused, initiated conducted and/or participated in the arrest of Plaintiff.

152.     Defendant The City of New York knew, or should have known in the exercise of reasonable care, the propensities of the Defendant PO MARTINS to engage in the wrongful conduct heretofore alleged in this Complaint.

153.     Defendant The City of New York had actual notice that Defendant PO MARTINS had such propensities.

154.     Upon information and belief, Defendant The City of New York failed to use reasonable care in the hiring and retention of the aforesaid Defendant SGT FAZIO who caused, initiated conducted and/or participated in the arrest of Plaintiff.

155.     Defendant The City of New York knew, or should have known in the exercise of reasonable care, the propensities of the Defendant SGT FAZIO to engage in the wrongful conduct heretofore alleged in this Complaint.

156.     Defendant The City of New York had actual notice that Defendant SGT FAZIO had such propensities.

157.     Upon information and belief, Defendant The City of New York failed to use reasonable care in the hiring and retention of the aforesaid Defendant SGT SCHWILLE who caused, initiated conducted and/or participated in the arrest of Plaintiff.

158.     Defendant The City of New York knew, or should have known in the exercise of reasonable care, the propensities of the Defendant SGT SCHWILLE to engage in the wrongful conduct heretofore alleged in this Complaint.

159.     Defendant The City of New York had actual notice that Defendant SGT SCHWILLE had such propensities.

## EIGHTH CAUSE OF ACTION:
## NEGLIGENT TRAINING AND SUPERVISION

160.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs with the same force and effect as if fully set forth herein.

161.     Upon information and belief, Defendant The City of New York failed to use reasonable care in the training and supervision of the aforesaid Defendant PO ESTEBAN who caused, initiated, conducted and/or participated in the arrest of Plaintiff and caused Plaintiff to be arrested.

162.     As a result of the foregoing, Plaintiff is entitled to compensatory damages in a sum to be determined at trial and is further entitled to punitive damages against the individual Defendant PO ESTEBAN in a sum to be determined at trial.

163.     Upon information and belief, Defendant The City of New York failed to use reasonable care in the training and supervision of the aforesaid Defendant PO MARTINS who caused, initiated, conducted and/or participated in the arrest of Plaintiff and caused Plaintiff to be arrested.

164.	As a result of the foregoing, Plaintiff is entitled to compensatory damages in a sum to be determined at trial and is further entitled to punitive damages against the individual Defendant PO MARTINS in a sum to be determined at trial.

165.	Upon information and belief, Defendant The City of New York failed to use reasonable care in the training and supervision of the aforesaid Defendant SGT FAZIO who caused, initiated, conducted and/or participated in the arrest of Plaintiff and caused Plaintiff to be arrested.

166.	As a result of the foregoing, Plaintiff is entitled to compensatory damages in a sum to be determined at trial and is further entitled to punitive damages against the individual Defendant SGT FAZIO in a sum to be determined at trial.

167.	Upon information and belief, Defendant The City of New York failed to use reasonable care in the training and supervision of the aforesaid Defendant SGT SCHWILLE who caused, initiated, conducted and/or participated in the arrest of Plaintiff and caused Plaintiff to be arrested.

168.	As a result of the foregoing, Plaintiff is entitled to compensatory damages in a sum to be determined at trial and is further entitled to punitive damages against the individual Defendant SGT SCHWILLE in a sum to be determined at trial.

**WHEREFORE,** Plaintiff demands judgment on each cause of action in a sum to be determined at trial in compensatory damages and a sum to be determined at trial in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:	Kew Gardens, New York
	September 16, 2013

_____/s/_____
DALE I. FREDERICK, ESQ.
Attorney for Plaintiff:
The Law Office of Dale I. Frederick, PC

125-10 Queens Blvd
Second Floor, Suite 7
Kew Gardens, NY 11415
Tel: (347) 247-6917
Fax: (866) 237-5083

Ind. No: 13CV2329

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KADEEM MCNEILL,

                                        Plaintiff,

                                   -against-

THE CITY OF NEW YORK, and POLICE OFFICER
ARIANA ESTEBAN, POLICE OFFICER ALEX MARTINS,
SERGEANT DAMON FAZIO, SERGEANT GEORGE
SCHWILLE individually and in their official capacity,

                                        Defendants.

------------------------------------------------------------------------X

# SECOND AMENDED COMPLAINT

**DALE I FREDERICK**
Attorney for the Plaintiff

**THE LAW OFFICE OF DALE I FREDERICK, PC**
**125-10 Queens Blvd, Suite 7**
**Kew Gardens, NY 11415**
**Office (347) 247-6917**
**Fax (866) 237-5083**

COMPLIANCE PURSUANT TO 22 NYCRR §130-1.1-a

To the best of the undersigned's knowledge, information and belief formed
after an inquiry reasonable under the circumstances, the within document(s)
and contentions contained herein are not frivolous as defined in 22NYCRR §130-1.1-a

_____
Dale I Frederick, Esq.